UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALE E. COPES, CDCR #T-24833,<br><br>                Plaintiff,<br><br>   vs.<br><br>JOSIE CASTELO, Warden,<br><br>                Defendant. | Case No.: 3:18-cv-02057-GPC-NLS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a)** |

DONALE E. COPES ("Plaintiff"), currently incarcerated at California Men's Colony ("CMC"), in San Luis Obispo, California and proceeding pro se, has filed a civil rights complaint pursuant 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff seeks money damages against CMC's Warden, Josie Castelo, based on claims that his sentence in San Joaquin County Superior Court Criminal Case No. SF083451A violates "double jeopardy." *Id.* at 3-4, 7-10.

///

Plaintiff did not prepay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a); instead Plaintiff has filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a)(1) (ECF No. 2).

**I.     Venue**

Upon initial review, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

On the one hand, Plaintiff alleges constitutional violations arising out of events or omissions occurring in 2002 when he claims to have been convicted and sentenced in San Joaquin County Superior Court Criminal Case No. SF083451A, in violation of double jeopardy. *See* ECF No. 1 at 9. San Joaquin County Superior Court is located in San Joaquin County. *See* 28 U.S.C. § 84(b) ("The Eastern District [of California] comprises the counties of ..., San Joaquin, ...."). On the other hand, the only named Defendant is the Warden of CMC, which is located in the County of San Luis Obispo, and where Plaintiff is currently incarcerated. *Id.* at 1; *see* 28 U.S.C. § 84(c)(2) ("The Western Division [of the Central District of California] comprises the counties of Los Angeles, San Luis Obispo, Santa Barbara, and Ventura.").

No event or omission giving rise to Plaintiff's claim is alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.").

Therefore, venue appears potentially proper in either the Central District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(2), or the Eastern District of California, pursuant to 28 U.S.C. § 84(b), but <u>not</u> in the Southern District of California pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II. Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) without prejudice, **DISMISSES** this civil action without prejudice for lack of proper venue pursuant to 28 U.S.C. § 1406(a), and **DIRECTS** the Clerk of the Court to close the file.[1]

**IT IS SO ORDERED**.

Dated: September 11, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court declines to exercise its discretion to transfer the case to either the Central or Eastern Districts of California because it does not appear such a transfer would be in the interest of justice. *See* 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. *See, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Here, Plaintiff seeks money damages from CMC's Warden pursuant to 42 U.S.C. § 1983 based on the alleged unconstitutionality of a 2002 San Joaquin County criminal conviction and sentence; but he critically fails to allege that conviction has already been invalidated. *See* Compl., ECF No. 1 at 1, 3-4, 7-10; *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *see also Riggs v. Sandie*, 715 F. App'x 765, 766 (9th Cir. 2018) (affirming dismissal of § 1983 damages suit based on double jeopardy claims that "would necessarily imply the invalidity of … sentence" pursuant to *Heck*).